Travis Edward Martin
1746-F South Victoria Avenue, Suite 104
Ventura, California 93003
Email: martin57290@gmail.com

Plaintiff, In Pro Per

FILED
OCT 07 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TRAVIS EDWARD MARTIN, an individual,

Plaintiff,

v.

ALLEN REYNOLDS BALL, an individual; BALL & YORKE, a California law firm, form unknown; RON BAMIEH, an individual; BAMIEH & DE SMETH, PLC, a California professional law corporation; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; MEAGAN YATES, an individual; RAFAEL ORELLANA, an individual; COUNTY OF VENTURA, a public entity; JEFFREY MACOMBER, individually and in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; RAFAEL ACEVEDO, individually and in his official capacity; and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:26-cv-04899-BAS-DEB

**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER (1) VACATING NOTICE OF DOCUMENT DISCREPANCY (DKT. 18) AND (2) DIRECTING THE CLERK TO ISSUE SUMMONSES UNDER FED. R. CIV. P. 4(b); MEMORANDUM OF POINTS AND AUTHORITIES**

[Civ. L.R. 83.3(g); Standing Order § 6]

[Declaration of Travis Edward Martin; Exhibits 1-4; and Order submitted concurrently]

NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT

Judge: Hon. Cynthia A. Bashant
Magistrate Judge: Hon. Daniel E. Butcher

15002550 13-19

## APPLICATION

Plaintiff Travis Edward Martin applies ex parte for an order:

1. Vacating the Notice of Document Discrepancy and order striking Dkt. 17 (Dkt. 18), including its warning of penalties;
2. Directing the Clerk to sign, seal, and issue the summonses to Defendants Jeffrey Macomber, Rafael Acevedo, and Ron Bamieh (Martin Decl. Ex. 2) and mail them to Plaintiff within three court days; and
3. Extending Plaintiff's time under Rule 4(m) to serve those three Defendants to 90 days after the summonses issue.

Plaintiff presented three completed summonses to the Clerk for issuance under Rule 4(b), with a cover letter that said so. The Clerk docketed them as a "Notice." The Court then struck them because the rules "do not require filing an unissued summons." Plaintiff never asked to file them. He asked the Clerk to issue them, which Rule 4(b) requires. Relief is needed now: Plaintiff's motion for preliminary injunction against these three Defendants is set for November 20, 2026 (Dkt. 16), and they cannot be served until the summonses issue.

This application is based on the memorandum below, the Declaration of Travis Edward Martin ("Martin Decl.") and Exhibits 1 through 4, and the record.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Plaintiff Asked the Clerk to Issue Three Summonses. The Clerk Filed Them Instead.

On September 30, 2026, the Clerk received one package from Plaintiff containing three submissions. (Dkt. 17; Martin Decl. ¶¶ 3-4.) The cover letter told the Clerk what to do with each: "Please issue the summonses in Part 1, and file Parts 2 and 3 as separate docket entries." (Martin Decl. Ex. 1.) Part 1 was headed "SUMMONSES FOR ISSUANCE (Fed. R. Civ. P. 4(b))," listed a summons to each of Macomber, Acevedo, and Bamieh, and closed: "Please sign, seal, and return the issued summonses to

Plaintiff." (*Id.*) Each summons was completed on Form AO 440. Only the date, the Clerk's signature, and the seal were left blank. (Martin Decl. Ex. 2.)

The Clerk filed Parts 2 and 3 as instructed. (Dkts. 14, 15, 16.) It filed Part 1 too, cover letter included, as a "Notice." (Dkt. 17; Martin Decl. ¶ 6.) No summons issued. (Martin Decl. ¶ 7.)

On October 2, 2026, the Court rejected and struck Dkt. 17 for one stated reason: "Federal Rules of Civil Procedure do not require filing an unissued summons." (Dkt. 18; Martin Decl. Ex. 3.) The order returns the documents and warns that further noncompliance "may lead to penalties pursuant to Civil Local Rule 83.1 or Criminal Local Rule 57.1." (*Id.*)

As a courtesy, Plaintiff's family called the Clerk's Office more than twelve times to resolve this informally. No one answered, there was no voicemail, and the line disconnected.

## II. Rule 4(b) Required the Clerk to Issue the Summonses.

Only the Clerk can issue a summons. Every summons must "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F), (G). "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." 28 U.S.C. § 1691. No party and no attorney can issue his own. The plaintiff prepares and presents the summons; the Clerk issues it: "If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). This District's rule is the same. A pro se party prepares the summons "upon forms supplied by the Clerk" and presents it. Civ. L.R. 4.1(d).

Plaintiff did his part. Each summons names the Court and the parties, is directed to the defendant, states Plaintiff's name and address, states the time to respond, and warns of default. Fed. R. Civ. P. 4(a)(1)(A)-(E); Martin Decl. Ex. 2. Every blank left was the Clerk's to fill. Rule 4(b) permits presentment "on or after filing the complaint," and

the First Amended Complaint naming these Defendants was filed September 24, 2026. (Dkt. 6.)

The Clerk's duty is not discretionary. Withholding summonses from a pro se plaintiff "is in clear conflict with Rule 4(a), Fed.R.Civ.P. which imposes a duty on the Clerk to issue the summons 'forthwith.'" *Dear v. Rathje*, 485 F.2d 558, 560 (7th Cir. 1973) (construing former Rule 4(a)) (citing *Jefferson v. Stockholders Publishing Co.*, 194 F.2d 281, 282 (9th Cir. 1952)). The court of appeals remanded "with directions to order the immediate issuance of summonses against the named defendants." *Id.* And a clerk's failure to issue a summons is "not attributable to" the plaintiff. *Jefferson*, 194 F.2d at 282.

**III. Dkt. 18 Struck a Filing Plaintiff Never Made.**

Dkt. 18 is right that the rules do not require filing an unissued summons. Plaintiff did not file one. He asked the Clerk to issue three, under a bold heading citing the rule that requires it. (Martin Decl. Ex. 1.) The cover letter was scanned into Dkt. 17; the request for issuance was on the face of the document the Court struck. (Martin Decl. ¶ 6.) "Notice" was the Clerk's label, not Plaintiff's. Striking it as a noncompliant filing charged Plaintiff with the Clerk's error and left the summonses unissued. This should not have required a motion.

The warning should be vacated with the order. Plaintiff violated no Local Rule, ECF policy, or order. He used the Court's form, followed Rule 4(b) and Civil Local Rule 4.1(d), and asked for what those rules provide. Civil Local Rule 83.1 authorizes sanctions up to dismissal and contempt. A warning invoking it, and a criminal rule besides, has no basis on this record and should not remain on the docket of a pro se litigant whose only "noncompliance" was the Clerk's.

**IV. The Relief Cannot Wait for a Noticed Motion.**

Plaintiff's motion for preliminary injunction against Macomber, Acevedo, and Bamieh is set for November 20, 2026. (Dkt. 16.) A preliminary injunction issues "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). These Defendants cannot be

served until the summonses issue. A noticed motion would be heard after the injunction hearing date.

The service clock is also running. Rule 4(m) allows 90 days from the filing of the complaint, and on the 100th day the Clerk prepares an order to show cause if no proof of service is on file. Civ. L.R. 4.1(b). When the plaintiff shows good cause, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). A clerk's failure to issue a properly presented summons is good cause; it is "not attributable to" the plaintiff. *Jefferson*, 194 F.2d at 282. Plaintiff asks that his time to serve these three Defendants run 90 days from issuance.

## V. Notice Under Civil Local Rule 83.3(g) and Standing Order § 6.

The relief runs against the Clerk, not against any party. No appeared party has a cognizable interest in preventing issuance of a summons that Rule 4(b) requires. Every appeared party receives this application by Notice of Electronic Filing. A CDCR directive bars Plaintiff from contacting the Law Office of Ball & Yorke or Bamieh & De Smeth, PLC, by any means. (Martin Decl. ¶¶ 9-10.) Plaintiff asks the Court to find notice sufficient under Civil Local Rule 83.3(g)(2)(3).

## CONCLUSION

Plaintiff asked the Clerk to do one ministerial act. It was not done. The Court should (1) vacate Dkt. 18 in full; (2) direct the Clerk to sign, seal, and issue the summonses to Macomber, Acevedo, and Bamieh and mail them to Plaintiff within three court days; and (3) extend Plaintiff's time to serve those Defendants to 90 days after issuance.

Dated: October 6, 2026

Respectfully submitted,

[signature]

TRAVIS EDWARD MARTIN
Plaintiff, In Pro Per

Travis Edward Martin
1746-F South Victoria Avenue, Suite 104
Ventura, California 93003
Email: martin57290@gmail.com

Plaintiff, In Pro Per

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN REYNOLDS BALL, an individual; BALL & YORKE, a California law firm, form unknown; RON BAMIEH, an individual; BAMIEH & DE SMETH, PLC, a California professional law corporation; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; MEAGAN YATES, an individual; RAFAEL ORELLANA, an individual; COUNTY OF VENTURA, a public entity; JEFFREY MACOMBER, individually and in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; RAFAEL ACEVEDO, individually and in his official capacity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04899-BAS-DEB<br><br>**DECLARATION OF TRAVIS EDWARD MARTIN IN SUPPORT OF EX PARTE APPLICATION FOR ORDER (1) VACATING NOTICE OF DOCUMENT DISCREPANCY (DKT. 18) AND (2) DIRECTING THE CLERK TO ISSUE SUMMONSES UNDER FED. R. CIV. P. 4(b)**<br><br>[Civ. L.R. 83.3(g); Standing Order § 6]<br><br>NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT<br><br>Judge: Hon. Cynthia A. Bashant<br>Magistrate Judge: Hon. Daniel E. Butcher |

15003550 1 8-19

## DECLARATION OF TRAVIS EDWARD MARTIN

I, Travis Edward Martin, declare:

1. I am the Plaintiff in this action and represent myself. I have personal knowledge of the facts stated here and could testify to them. I am incarcerated at Richard J. Donovan Correctional Facility in San Diego County.

2. I make this declaration under Civil Local Rule 83.3(g) and Section 6 of the Court's Standing Order for Civil Cases in support of my ex parte application for an order vacating the Notice of Document Discrepancy (Dkt. 18) and directing the Clerk to issue summonses under Federal Rule of Civil Procedure 4(b).

3. I prepared three summonses on Form AO 440, one each to Defendants Jeffrey Macomber, Rafael Acevedo, and Ron Bamieh, and a cover letter to the Clerk. Exhibit 1 is a true and correct copy of that cover letter. Exhibit 2 is a true and correct copy of the three summonses as I sent them.

4. I caused the cover letter and summonses to be delivered to the Clerk by Federal Express in one package, shipped September 28, 2026. The same package contained my ex parte application concerning Dkt. 5 with the papers lodged with it, and my motion for preliminary injunction with its supporting declaration.

5. I did not ask the Clerk to file the summonses. The cover letter asked the Clerk to issue them under Rule 4(b) and return them to me for service, and to file only the other two submissions.

6. Exhibit 4 is a true and correct copy of Dkt. 17 as it now appears on the docket.

7. No summons has been issued to me for Defendants Macomber, Acevedo, or Bamieh. I cannot serve them without issued summonses. My motion for preliminary injunction against them is set for November 20, 2026.

8. I did not file a document in violation of any rule. I used the Court's summons form and asked the Clerk to do what Rule 4(b) requires.

9. Notice to opposing parties. I am serving this application, this declaration and its exhibits, and the proposed order on counsel for all parties who have appeared, on the date and by the means stated in the certificate of service filed with these papers. I have not telephoned or emailed the Law Office of Ball & Yorke or Bamieh & De Smeth, PLC about this application, for the reason stated in the next paragraph.

10. On September 17, 2025, a CDCR hearing officer ordered me "to cease Contact with Bamieh and De Smeth Professional Law Corporation, Law Office of Ball and Yorke, and the Subject's victim and family." (FAC Ex. L.) That directive has never been modified. Contact with either firm by telephone, email, or letter exposes me to further discipline. I ask that the Court treat service of this application as the notice required by Civil Local Rule 83.3(g) and the Standing Order, and excuse any further conference requirement to the extent it would require me to contact either firm.

11. I do not know the position of any Defendant on this application. The relief I request is directed to the Clerk, not to any party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6, 2026, at San Diego, California.

TRAVIS EDWARD MARTIN

**Martin v. Reynolds Ball, et al., No. 3:26-cv-04899-BAS-DEB**
**EXHIBITS TO DECLARATION OF TRAVIS EDWARD MARTIN**
**ISO EX PARTE APPLICATION FOR ISSUANCE OF SUMMONSES**

| Ex. | Description | Date |
|---|---|---|
| 1 | Cover letter to Clerk requesting issuance of summonses under Fed. R. Civ. P. 4(b) (Part 1) and filing of Parts 2 and 3 | Rec'd 9/30/2026 |
| 2 | Summonses (AO 440) to Jeffrey Macomber, Rafael Acevedo, and Ron Bamieh, as presented to the Clerk | Rec'd 9/30/2026 |
| 3 | Notice of Document Discrepancy (Dkt. 18) | 10/2/2026 |
| 4 | Dkt. 17 as stricken | Filed 9/30/2026 |

15002550 1 11-19

# EXHIBIT 1

Cover Letter to Clerk
(received September 30, 2026)

15003559 1 12-19

**Re:** *Martin v. Ball, et al.*

**PART 1. SUMMONSES FOR ISSUANCE (Fed. R. Civ. P. 4(b))**

**PART 2. EX PARTE APPLICATION (Dkt. 5 set for hearing October 9, 2026)**

**PART 3. MOTION FOR PRELIMINARY INJUNCTION (hearing November 20, 2026)**

15003559 1 13-19

# EXHIBIT 2

Summonses (AO 440): Macomber, Acevedo, Bamieh
(received September 30, 2026)

15693559 1 14-19

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

__________ District of __________

| | | |
|---|---|---|
| ______________________________ *Plaintiff(s)* v. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |
| ______________________________ *Defendant(s)* | | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*

15093559 1 15-19

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

__________ District of __________

| | | |
|---|---|---|
| _______________________<br>*Plaintiff(s)*<br>v.<br><br>_______________________<br>*Defendant(s)* | ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*

15003550 1 16-19

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

__________ District of __________

| | | |
|---|---|---|
| ________________________ *Plaintiff(s)* v. ________________________ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*

# EXHIBIT 3

Notice of Document Discrepancy, Dkt. 18
(October 2, 2026)

# United States District Court

SOUTHERN DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCY

| | |
|---|---|
| CASE NUMBER: 26-cv-04899-BAS-DEB | |
| TITLE: Martin v. Reynolds Ball et al | |
| FILED DATE: 9/30/2026 | DOCUMENT NO.: 17 |
| DOCUMENT TITLE: Notice | |
| DOCUMENT FILED BY: Travis Edward Martinan | |

Upon the electronic filing of the above referenced document(s), the following discrepancies are noted:

OTHER: Federal Rules of Civil Procedure do not require filing an unissued summons.

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| ☐ | The document will remain as filed despite the discrepancy noted above. Any further non-compliant documents may be stricken from the record. |
| ☐ | The Clerk is directed to MODIFY the docket text of the filed document to the following: [ ] |
| ☒ | The document is REJECTED. It is ordered that the Clerk **STRIKE** the document from the record, and serve a copy of this order on all parties. |
| ☒ | Rejected documents will be returned to pro se filer. |

Any further failure to comply with the Local Rules or Electronic Case Filing Administrative Policies and Procedures Manual may lead to penalties pursuant to Civil Local Rule 83.1 or Criminal Local Rule 57.1.

Date: October 2, 2026 CHAMBERS OF: The Honorable Cynthia Bashant

cc: All Parties By: ______________________

# EXHIBIT 4

Dkt. 17 as stricken

# United States District Court
**SOUTHERN DISTRICT OF CALIFORNIA**

Travis Edward Martin, an individual

**Plaintiff,**

**V.**

Reynolds Ball et al

**Defendant.**

FILED
2026-09-30
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: M.Williams , Deputy

**Civil No.** 26-cv-04899-BAS-DEB

**STRICKEN DOCUMENT:**

Notice

**Per Order # 18**

**17**