FILED
OCT 14 2026
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Travis Edward Martin
1746-F South Victoria Avenue, Suite 104
Ventura, California 93003
Email: martin57290@gmail.com

Plaintiff, In Pro Per

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN REYNOLDS BALL, an individual; BALL & YORKE, a California law firm, form unknown; RON BAMIEH, an individual; BAMIEH & DE SMETH, PLC, a California professional law corporation; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; MEAGAN YATES, an individual; RAFAEL ORELLANA, an individual; COUNTY OF VENTURA, a public entity; JEFFREY MACOMBER, individually and in his official capacity as Secretary of the California Department of Corrections and Rehabilitation; RAFAEL ACEVEDO, individually and in his official capacity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04899-BAS-DEB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE AFFIRMATIVE DEFENSES AND TO COMPEL COMPLIANCE WITH RULE 8(b) IN THE ANSWER OF DEFENDANTS ALLEN REYNOLDS BALL, BALL & YORKE, JAMES WALD, NATALIE WALD, AND JAYSON COHEN; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: November 20, 2026<br>Courtroom: 12B<br>Judge: Hon. Cynthia A. Bashant<br>Magistrate Judge: Hon. Daniel E. Butcher<br><br>NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |

15054395 1 36-84

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 20, 2026, or as soon thereafter as the matter may be heard before the Honorable Cynthia A. Bashant, United States District Judge, Plaintiff Travis Edward Martin will and does move under Federal Rule of Civil Procedure 12(f) and Rule 8(b) for an order:

1. Striking, without leave to amend, Affirmative Defenses 1, 2, 3, 8, 10, 11, 12, 13, 14, 16, 17, 18, 19, 23, 26, and 27 of the Answer of Defendants Allen Reynolds Ball, Ball & Yorke, James Wald, Natalie Wald, and Jayson Cohen to Plaintiff's First Amended Complaint, filed October 7, 2026;

2. Striking Affirmative Defenses 6 and 15 as to the Sixth Claim for Relief (42 U.S.C. § 1983), without leave to amend;

3. Striking Affirmative Defenses 5, 6, 15, 20, 21, and 22 for failure to give fair notice, with leave to amend within fourteen days only if the amendment states the facts on which each rests;

4. Striking the unnumbered paragraph preceding paragraph 1 of the Answer, which asserts that the First Amended Complaint was not filed as of right; and

5. Striking, under Rule 12(f), the Answering Defendants' responses to paragraphs 3, 28 through 30, 32, 38, 54, 56, 59, 71, 72, 84 through 89, 99, 102, 103, 105, 112, and 113 of the First Amended Complaint as insufficient under Rule 8(b)(2), (4), and (5), and ordering the Answering Defendants, within fourteen days, to file an amended answer that admits or specifically denies each of those allegations, any allegation not so admitted or denied being admitted under Rule 8(b)(6).

The grounds are these. The stricken defenses are not defenses, are barred by law, or state no facts. The identified responses deny Ball's own letters, Ball's own statements in court, and the Walds' own sworn testimony, and claim ignorance of facts the Answering Defendants know. Rule 8(b) forbids that. Ball wrote the documents his Answer denies.

The motion is timely. It is filed within twenty-one days after service of the Answer on October 7, 2026. (Fed. R. Civ. P. 12(f)(2).) No conference of counsel is required because Plaintiff appears in pro per and is not an attorney. (Standing Order for Civil Cases § 4.A.)

The motion is based on this notice, the following memorandum of points and authorities, the Declaration of Travis Edward Martin and its exhibits, the First Amended Complaint and its exhibits (Dkt. 6, 7), the Answer, the records and files of this action, and any further matter the Court considers.

15654395 1 40-84

**TABLE OF CONTENTS**


MEMORANDUM OF POINTS AND AUTHORITIES .......... 8

I. INTRODUCTION .......... 8

II. RECORD .......... 9

III. LEGAL STANDARD .......... 9

IV. ARGUMENT .......... 10

A. Ten of the "defenses" are just denials pleaded twice. .......... 10

B. The FAC was filed on time, and Ball told the state court he did not oppose striking his only "answer." .......... 12

1. Ball's state-court paper was not an answer under California law, and Ball admitted it. .......... 12

2. Removal did not turn that paper into an answer. .......... 13

3. The 21 days started on September 3, and Plaintiff filed on day 21. .......... 14

4. The objection does not defeat any claim. .......... 14

C. Ball waived section 1714.10, and it does not apply here anyway. .......... 14

D. Proposition 51 does not reduce damages for intentional wrongdoers .......... 16

E. Marsy's Law does not apply. This is not a criminal case, and no victim is a party to it. .......... 16

F. Heck does not apply, because nothing here affects how long Plaintiff stays in prison. .......... 16

G. No state privilege protects Ball from the civil rights claim, and California law takes the privilege away for false crime reports. .......... 17

H. Assumption of risk, failure to mitigate, and unclean hands have no facts behind them. .......... 17

I. "Reserving the right" to add defenses is not a defense. .......... 18

J. The Answer denies Ball's own letters, Ball's own statements in court, and the Walds' own sworn testimony .......... 18

K. The legal defects cannot be fixed, and every bogus defense left standing

must be fought from a prison cell. .......... 20
V. CONCLUSION .......... 20

## TABLE OF AUTHORITIES

**Cases**

*In re Amerijet International, Inc.*, 785 F.3d 967 (5th Cir. 2015) .......... 13
*B.B. v. County of Los Angeles*, 10 Cal. 5th 1 (2020) .......... 16
*Baker v. Ensign*, No. 11-cv-2060-BAS(WVG), 2014 WL 4161994 (S.D. Cal. Aug. 20, 2014) .......... 10, 11, 12, 18
*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) .......... 10, 11, 12
*Butner v. Neustadter*, 324 F.2d 783 (9th Cir. 1963) .......... 13
*Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214 (D. Nev. 2013) .......... 14
*DeCamp v. First Kensington Corp.*, 83 Cal. App. 3d 268 (1978) .......... 13
*Farmers & Merchants Trust Co. v. Vanetik*, 33 Cal. App. 5th 638 (2019) .......... 15
*Joe Hand Promotions, Inc. v. Nguyen*, No. 11-CV-00506-LHK, 2011 WL 2893079 (N.D. Cal. July 19, 2011) .......... 20
*Kimes v. Stone*, 84 F.3d 1121 (9th Cir. 1996) .......... 15, 17
*Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016 (9th Cir. 2015) .......... 10
*Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464 (S.D. Cal. 2013) .......... 11
*Martinez v. California*, 444 U.S. 277 (1980) .......... 15, 17
*In re Mortgages Ltd.*, 771 F.3d 623 (9th Cir. 2014) .......... 19
*Muhammad v. Close*, 540 U.S. 749 (2004) .......... 16
*Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc) .......... 16
*PAE Government Services, Inc. v. MPRI, Inc.*, 514 F.3d 856 (9th Cir. 2007) .......... 13, 19
*Steel v. City of San Diego*, 726 F. Supp. 2d 1172 (S.D. Cal. 2010) .......... 15
*Venson v. Jackson*, No. 18-cv-02278-BAS-BLM, 2020 WL 4015708 (S.D. Cal. July 16, 2020) .......... 10, 18
*Villa Pacific Building Co. v. Superior Court*, 233 Cal. App. 3d 8 (1991) .......... 15
*Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661 (S.D. Cal. 2014) .......... 10, 11, 12, 16, 17, 18, 20

15054395 1 43-84

*Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970 (9th Cir. 2010)* ........................ 10, 12
*Zivkovic v. Southern California Edison Co., 302 F.3d 1080 (9th Cir. 2002)* .................. 10

**Statutes**

Cal. Civ. Code § 1431.2 .................................................................................... 16
Cal. Civ. Code § 1714.10 .................................................................................. 15
Cal. Civ. Code § 47 ........................................................................................... 17
Cal. Code Civ. Proc. § 431.30 ............................................................................ 12
Cal. Code Civ. Proc. § 446 ................................................................................. 12
Cal. Const., art. I, § 28 ....................................................................................... 16
Cal. Penal Code § 148.5 ...................................................................................... 8
Cal. Penal Code § 830.5 ................................................................................ 8, 17

**Rules**

Fed. R. Civ. P. 12(f) ............................................................................................ 2
Fed. R. Civ. P. 15(a) .......................................................................................... 14
Fed. R. Civ. P. 6(a) ............................................................................................ 14
Fed. R. Civ. P. 7(a) ............................................................................................ 14
Fed. R. Civ. P. 8(b) ................................................................................ 2, 18, 20
Fed. R. Civ. P. 81(c) .......................................................................................... 12

**Other Authorities**

Rutter Group Prac. Guide: Fed. Civ. Proc. Before Trial (Cal. & 9th Cir. Ed.) ... 10, 14, 18, 20
Standing Order for Civil Cases (Bashant, J.) ........................................................ 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Allen Ball committed a crime, and his Answer admits it.

On July 23, 2025, Ball wrote to the Warden of the prison where Plaintiff is housed. He titled the letter "Electronic Harassment of Victim's Family by Inmate." He asked the Warden for "discipline or prosecution." (FAC ¶ 56, Ex. E.) He enclosed two emails. (Answer ¶ 3.) Both emails went to Ball's own law office. One went to Ball himself, and Ball answered it. (*Id.* ¶¶ 55, 71.) Not one email went to the Wald family. Ball's Answer cannot name one. (*Id.* ¶ 71.)

Ball knew that when he wrote the letter. The emails came to him. He read them. He answered one. Then he told a prison they were harassment of a victim's family. That was false, and he knew it was false. Knowingly making a false report of a crime to a peace officer is a crime. (Cal. Penal Code § 148.5, subds. (a), (b); FAC ¶¶ 74-75.) The letter went to the prison's Investigative Services Unit, whose correctional officers are peace officers (Cal. Penal Code § 830.5, subd. (b)), and Ball then wrote the investigating sergeant himself, addressing him as "Officer" and offering documents for "your investigation." (FAC ¶¶ 74-75, 84, Ex. J; Answer ¶ 84.) Ball committed that crime. His Answer admits the facts that prove it.

Ball then filed twenty-seven "affirmative defenses" for himself, his firm Ball & Yorke, and his clients James Wald, Natalie Wald, and Jayson Cohen (the "Answering Defendants"). Most are not defenses at all. Ten just repeat denials the Answer already makes. Five are barred by law, and two more are barred as to the civil rights claim. The rest are one-line labels with no facts.

Then the Answer denies Ball's own words. Ball admits he wrote his letters and emails. Then he denies what they say. Natalie Wald denies her own sworn testimony. The Answering Defendants say they do not know whether the Walds ever got an email from Plaintiff. They know. They say they do not know whether prison investigators ever interviewed them. They know that too. Rule 8(b) does not allow any of this.

This is deliberate. Ball's letter got Plaintiff punished, and the punishment included an order barring Plaintiff from contacting Ball's office. (FAC ¶¶ 56, 80, Ex. E.) Ball then wrote the Warden to control the scope of that order. (Answer ¶ 5; FAC ¶ 86, Ex. O.) Now every fake defense is one more issue Plaintiff must fight, without being allowed to contact Ball's office. (FAC ¶¶ 80, 91-92.) That is what these defenses are for. Rule 12(f) exists to stop it.

## II. RECORD

Plaintiff filed this case in San Diego Superior Court on July 20, 2026. His complaint was verified. (Dkt. 1, Ex. A.) On August 20, 2026, Ball served a state-court "Answer to Verified Complaint." (Answer 2:7-9.) It was a general denial. No Answering Defendant verified it. (Martin Decl. ¶ 2, Ex. 1 at 2, 10-11.) California law does not allow that. The next day Plaintiff moved to strike it. (*Id.* ¶ 3, Ex. 2 at 2:8-12.) Ball did not fight the motion. He filed a "Statement of Non-Opposition" saying the Answering Defendants "do not oppose the Motion" and "will file and serve a verified, amended Answer." (*Id.* ¶ 4, Ex. 3 at 2:7-10.)

Defendants Yates and Orellana removed the case on August 27, 2026. (Dkt. 1.) They answered in this Court on September 3, 2026. (Dkt. 3.) Their lawyer wrote Plaintiff that day: "Pursuant to FRCP15(a)(1)(B), I will await service of the amended complaint within 21 days." (FAC ¶ 9, Ex. Y.) Plaintiff filed the verified First Amended Complaint ("FAC") 21 days later, on September 24, 2026. (Dkt. 6, 7.)

On October 7, 2026, Ball answered the FAC. He answered all 194 paragraphs. He also claimed the FAC was not "filed as of right," because of the state-court paper he had told the state court he would replace. (Answer 2:6-10.) Every claim against the Answering Defendants is an intentional tort: civil rights conspiracy under 42 U.S.C. § 1983, the Bane Act, libel, intentional infliction of emotional distress, and, against Ball and his firm, stalking and abuse of process. (FAC ¶¶ 167-169, 177-179, 185-194.)

## III. LEGAL STANDARD

The Court "may strike from a pleading an insufficient defense or any redundant,

15054395 1 46-84

immaterial, impertinent, or scandalous matter." (Fed. R. Civ. P. 12(f).) The point is to avoid wasting time and money "litigating spurious issues." (*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) [quotation omitted].)

A defense fails if it gives no fair notice of what it is and what it rests on. (*Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 664 (S.D. Cal. 2014).) The defense must at least be described "in 'general terms.'" (*Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015).) A defense also fails if it loses "under any set of facts the defendant might allege." (*Weintraub*, 299 F.R.D. at 664.) And a denial is not a defense: "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." (*Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).) Things that are not affirmative defenses may be stricken. (Rutter Group Prac. Guide: Fed. Civ. Proc. Before Trial (Cal. & 9th Cir. Ed.) ¶ 9:379.) This Court applies those rules. It strikes defenses that "merely assert that no law was violated," because they "dispute the validity of allegations in the complaint requiring litigation, which place them outside the definition of an affirmative defense," and it strikes defenses that offer only "[a] mere reference to a legal doctrine." (*Baker v. Ensign*, No. 11-cv-2060-BAS(WVG), 2014 WL 4161994, at *4 (S.D. Cal. Aug. 20, 2014).) A denial restated as an affirmative defense is also "redundant" matter, and Rule 12(f) reaches that too. (Fed. R. Civ. P. 12(f); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).) A defense is struck as a matter of law when "under no set of circumstances could the defense[] succeed." (*Venson v. Jackson*, No. 18-cv-02278-BAS-BLM, 2020 WL 4015708, at *1 (S.D. Cal. July 16, 2020) [quotation omitted].)

## IV. ARGUMENT

**A. Ten of the "defenses" are just denials pleaded twice.**

Each of these says only that Plaintiff cannot prove part of his case. That is a denial, not a defense. (*Zivkovic*, 302 F.3d at 1088.) The Answer already makes every one of these denials. Pleaded a second time under a new heading, each one is redundant

matter. (*Barnes*, 718 F. Supp. 2d at 1174.)

*Defense 1 ("fails to state a claim").* This attacks the complaint. It is not a defense. It names no claim and no defect. This District strikes this exact one-line defense. (*Weintraub*, 299 F.R.D. at 665-666.)

*Defense 3 (no state action, no conspiracy).* Conspiracy is part of what Plaintiff must prove on the Sixth Claim. (FAC ¶¶ 128-129, 168.) The Answer already denies it. (Answer ¶¶ 128-129, 168.)

*Defenses 11 and 12 (Bane Act: no threats, intimidation, or coercion).* That is what Plaintiff must prove under section 52.1. The Answer already denies it. (Answer ¶¶ 178-179.)

*Defenses 13 and 14 (stalking: protected activity; no credible threat).* Those are elements of the stalking claim. (FAC ¶¶ 191-192.) The Answer already denies them. (Answer ¶¶ 191-192.)

*Defense 16 (not outrageous).* Outrageous conduct is an element of the emotional distress claim. The Answer already denies it. (Answer ¶ 189.)

*Defenses 17 and 18 (someone else caused it; Plaintiff caused it).* Both deny causation. Defense 17 names no one and no act. This District strikes that defense because it does "not identify what wrongful conduct may have contributed to Plaintiff's alleged injury, and [does] not identify what parties were responsible for that conduct." (*Weintraub*, 299 F.R.D. at 666-667.)

*Defense 26 (no malice; punitive damages violate due process).* Malice is what Plaintiff must prove. Objecting to an award that does not exist is not a defense. It is "[a] mere reference to a legal doctrine," and this Court strikes it. (*Baker*, 2014 WL 4161994, at *4.)

The Answering Defendants will cite *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 471-472 (S.D. Cal. 2013), which left two mislabeled denials standing because mislabeling alone did not make them "legally insufficient." Rule 12(f) does not stop at insufficiency. It reaches "redundant" matter, and a denial the Answer already

15054395 1 48:84

makes is redundant when it is pleaded again as a defense. (Fed. R. Civ. P. 12(f); *Barnes*, 718 F. Supp. 2d at 1174.) This Court struck that line of defenses in *Baker*, 2014 WL 4161994, at *4, and this District struck the one-line "fails to state a claim" defense a year after *Kohler v. Staples*. (*Weintraub*, 299 F.R.D. at 665-666.) The harm is concrete. A mislabeled "affirmative defense" is one the Answering Defendants will demand discovery on, brief, and put in a pretrial order as their burden, when it is Plaintiff's burden and his denial of it is already joined. Plaintiff must do that work from a cell, under an order that bars him from contacting Ball's office. (FAC ¶¶ 80, 91-92.) That is the prejudice, and it is the one Rule 12(f) exists to prevent. (*Whittlestone*, 618 F.3d at 973.)

Pleading a denial twice does not make it a defense. It only gives Plaintiff ten more issues to fight. Strike all ten, without leave.

**B. The FAC was filed on time, and Ball told the state court he did not oppose striking his only "answer."**

Defense 2, and the unnumbered paragraph before paragraph 1, say the FAC came too late. (Answer 2:6-10, 23:1-3.) Ball says his August 20 state-court paper started Plaintiff's 21 days to amend. It did not.

**1. Ball's state-court paper was not an answer under California law, and Ball admitted it.**

On August 20 the case was still in state court. California law governed. (Fed. R. Civ. P. 81(c)(1) [the Federal Rules apply "after" removal].) California law says: "When the complaint is verified, the answer shall be verified." (Cal. Code Civ. Proc. § 446, subd. (a).) A general denial is allowed only when the complaint "is not verified." (Cal. Code Civ. Proc. § 431.30, subd. (d).) Plaintiff's complaint was verified. Ball knew it. He titled his paper "Answer to Verified Complaint." Then he filed a general denial anyway, and no Answering Defendant verified it. (Martin Decl. ¶ 2, Ex. 1 at 1-2, 10-11.)

Under California law, an unverified answer to a verified complaint is not an answer. It is an admission. "[T]he unverified answers constituted an admission of all of

the material allegations of the complaint." (*DeCamp v. First Kensington Corp.*, 83 Cal. App. 3d 268, 282 (1978).) A defendant "is not entitled to defend a verified complaint unless he can deny its essential allegations under penalty of perjury." (*Id.* at 276.) Plaintiff moved to strike it the next day. (Martin Decl. ¶ 3, Ex. 2 at 2:8-12.) Ball did not oppose. He told the state court the Answering Defendants "do not oppose the Motion" and "will file and serve a verified, amended Answer." (*Id.* ¶ 4, Ex. 3 at 2:7-10.) Ball conceded his paper was no good. He cannot now use it to start a clock.

That leaves Ball two readings of his own paper, and he loses on both. First: the paper is what California law makes it, an admission of every material allegation of the verified complaint, on which the plaintiff proceeds "as for want of an answer." (*DeCamp*, 83 Cal. App. 3d at 282-283.) A paper that denies nothing is not a "responsive pleading" under Rule 15(a)(1)(B). It is a confession, and Plaintiff accepts it. Every material allegation of the original complaint is repeated in the FAC, and a superseded verified pleading remains "something akin to a sworn declaration" against the party that filed it. (*PAE Government Services, Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 fn. 2 (9th Cir. 2007).) Plaintiff will proceed on that admission. Second: the paper is what Ball told the state court it was, a defective filing he would replace. Then it never existed for any purpose and started no clock. There is no third reading. Ball cannot call the paper a nullity to escape the admission and an answer to start the clock. He filed one paper. It was either a confession or nothing, and under neither reading did Plaintiff's 21 days begin on August 20.

**2. Removal did not turn that paper into an answer.**

Removal does not change what happened in state court. The federal court "takes the case as it finds it on removal." (*Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) [quotation omitted].) Whether a pre-removal paper counts as an answer is decided by state law. (*In re Amerijet International, Inc.*, 785 F.3d 967, 974-975 (5th Cir. 2015) [asking "whether [the] state-court Filing constitutes an answer under Texas law"].) Under California law, Ball's paper was not one. And Ball told the state court he would

replace it. (Martin Decl. ¶ 4, Ex. 3 at 2:7-10.) A defendant who has not answered cannot cut off the plaintiff's right to amend. (Rutter, *supra*, ¶ 8:1411.)

**3. The 21 days started on September 3, and Plaintiff filed on day 21.**

A party may amend "once as a matter of course no later than . . . 21 days after service of a responsive pleading." (Fed. R. Civ. P. 15(a)(1)(B).) The clock runs from service of a "responsive pleading," and a paper that California law treats as an admission rather than a denial is not one. The first responsive pleading in this case was the County Defendants' answer on September 3, 2026. (Dkt. 3.) Day 21 was September 24, 2026. (Fed. R. Civ. P. 6(a)(1).) Plaintiff filed the FAC that day. (Dkt. 6, 7.) The County's own lawyer agreed in writing that Plaintiff had 21 days. (FAC ¶ 9, Ex. Y.)

Ball filed no answer in this Court before the FAC. He filed a motion to have Plaintiff declared a vexatious litigant. (Dkt. 5.) A motion is not a pleading. (Fed. R. Civ. P. 7(a), (b).) The FAC was on time. It is the operative complaint against every defendant. Ball answered every paragraph of it, and then called it unauthorized.

**4. The objection does not defeat any claim.**

Defense 2 is not a defense to any claim. It is an objection to the filing of a pleading, and the Rules give that objection a vehicle: a motion to strike the amended complaint. Ball filed none. He answered all 194 paragraphs instead. Even if Ball were right, the most he could get is a question about leave to amend. Leave "should [be] freely give[n] when justice so requires." (Fed. R. Civ. P. 15(a)(2).) Ball already answered the FAC on the merits. He cannot claim surprise. When none of the usual reasons to deny leave exists, courts grant leave back to the date the amended complaint was filed. (*Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1221 (D. Nev. 2013).) Defense 2 defeats nothing.

**C. Ball waived section 1714.10, and it does not apply here anyway.**

Defense 10 says Plaintiff needed a court order under Civil Code section 1714.10 before suing for an attorney-client conspiracy. (Answer 23:20-21.) It fails for four reasons.

First, Ball waived it. The statute requires the attorney to raise the defense "upon that attorney's first appearance by demurrer, motion to strike, or such other motion or application as may be appropriate," and "[f]ailure to timely raise the defense shall constitute a waiver thereof." (Cal. Civ. Code § 1714.10, subd. (b).) "The express language of section 1714.10, subdivision (b) requires that the defense be raised in the attorney's 'first appearance' in the case," and an attorney who does not do so has "waived [his] right to assert the defense." (*Farmers & Merchants Trust Co. v. Vanetik*, 33 Cal. App. 5th 638, 655 (2019); *Villa Pacific Building Co. v. Superior Court*, 233 Cal. App. 3d 8, 12 (1991).) Ball's August 20 state-court paper was not an appearance by which anything could be raised. It did not conform to law, it had no legal effect, and Ball told the state court he would replace it. (Part B.1.) Ball's first appearance was his September 4, 2026 motion in this Court. (Dkt. 5.) That was a motion, the exact vehicle the statute names, and it did not raise section 1714.10. He raised it for the first time on October 7, 2026, in an answer, as an affirmative defense, not by the demurrer, motion to strike, or motion the statute requires. (Answer 23:20-21.) The statute calls that a waiver.

Second, the FAC does not plead any conspiracy between a lawyer and his own client. The statute covers only that. (Cal. Civ. Code § 1714.10, subd. (a).) Each lawyer here is accused of conspiring with the other firm, the other firm's clients, and law enforcement and prison officials. (FAC ¶ 130.) The statute also does not apply when the lawyer had his own legal duty to the plaintiff or acted for his own gain. (Cal. Civ. Code § 1714.10, subd. (c).) The FAC pleads both. (FAC ¶ 130.)

Third and fourth, a state statute cannot block a federal civil rights claim, and section 1714.10 does not apply in federal court. "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law." (*Martinez v. California*, 444 U.S. 277, 284 & fn. 8 (1980) [quotation omitted]; *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996).) This District has already refused to apply section 1714.10 to a section 1983 conspiracy claim against lawyers. (*Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1182 (S.D. Cal. 2010).)

**D. Proposition 51 does not reduce damages for intentional wrongdoers.**

Defense 19 asks to limit non-economic damages to each defendant's "proportionate share of fault" under Civil Code section 1431.2. The California Supreme Court has held that section 1431.2 "does not authorize a reduction in the liability of intentional tortfeasors." (*B.B. v. County of Los Angeles*, 10 Cal. 5th 1, 29 (2020).) Every claim against these defendants is intentional. (FAC ¶¶ 168, 179, 187, 189, 191, 194.) Section 1431.2 does not help them. The defense also names no other tortfeasor and no act of fault to apportion, and this District strikes comparative-fault defenses pleaded that way. (*Weintraub*, 299 F.R.D. at 666.)

**E. Marsy's Law does not apply. This is not a criminal case, and no victim is a party to it.**

Defense 23 says Plaintiff's claims "conflict with victims' rights under Cal. Const., art. I, § 28." (Answer 24:19-20.) Section 28 protects crime victims "throughout the criminal or juvenile justice process." (Cal. Const., art. I, § 28, subd. (b)(1).) This is not a criminal case. It is a civil lawsuit. No crime victim is a party to it. Nothing in section 28 gives anyone the right to make a false report of a crime. The defense also says the claims are barred by Plaintiff's "own unlawful conduct," but it does not say what conduct. Ball's letter claimed harassment of a "Victim's Family" that never got a single email. (FAC Ex. E; Answer ¶¶ 55, 71.) Now his Answer claims victims' rights for that same family.

**F. *Heck* does not apply, because nothing here affects how long Plaintiff stays in prison.**

Defense 8 invokes *Heck* and *Edwards*. (Answer 23:15-17.) *Heck* does not apply to a claim "that threatens no consequence for [a prisoner's] conviction or the duration of his sentence." (*Muhammad v. Close*, 540 U.S. 749, 751 (2004).) If wiping out a prison write-up "would not necessarily lead to immediate or speedier release," the claim belongs under section 1983. (*Nettles v. Grounds*, 830 F.3d 922, 934-935 (9th Cir. 2016) (en banc).) Plaintiff is serving life with the possibility of parole. His parole hearing date

depends on his age and years served, not on credits. He does not ask for any credits back or any change in his sentence. (FAC ¶¶ 12, 135; Prayer ¶ 2.) *Heck* has nothing to bar.

**G. No state privilege protects Ball from the civil rights claim, and California law takes the privilege away for false crime reports.**

Defenses 6 and 15 claim that "[a]ny statement" and "[a]ny service of papers" are privileged under Civil Code section 47. (Answer 23:11-12, 24:3-5.) A state privilege cannot block a section 1983 claim: "the litigation immunity provided in Cal.Civ.Code § 47(b) does not apply to [a] § 1983 cause of action." (*Kimes*, 84 F.3d at 1127; *Martinez*, 444 U.S. at 284 fn. 8.) Strike Defenses 6 and 15 as to the Sixth Claim.

On the state claims, Defenses 5, 6, and 15 do not say which statement is privileged, who it was made to, or in what case. This District strikes privilege defenses that do "not identify what privileges would apply, why those privileges would apply, or even what conduct would be privileged." (*Weintraub*, 299 F.R.D. at 668.) Ball left the statement out for a reason. The statement is his July 23 letter. California law takes the privilege away from "a false report that another person has committed . . . a criminal act . . . knowing that the report is false." (Cal. Civ. Code § 47, subd. (b)(5).) That is exactly what Ball's letter was. (FAC ¶¶ 74-75, 138.) The Investigative Services Unit that received it is a law enforcement agency: its correctional officers are peace officers (Cal. Penal Code § 830.5, subd. (b)), it read Plaintiff his *Miranda* rights, it opened a numbered investigation, and it threatened referral to the District Attorney. (FAC ¶¶ 61, 74; Answer ¶ 84.) No amendment can plead around subdivision (b)(5), because the letter is what it is.

**H. Assumption of risk, failure to mitigate, and unclean hands have no facts behind them.**

Defense 20 says Plaintiff "assumed the risk that his communications would be reported to correctional authorities." (Answer 24:15-16.) Plaintiff does not sue Ball for reporting the emails. He sues Ball for lying about them, by calling emails to Ball's own office harassment of a victim's family. (FAC ¶¶ 56-57, 75; Answer ¶¶ 55, 71.) Nobody

assumes the risk that someone will falsely accuse him of a crime. Defenses 21 (failure to mitigate) and 22 (unclean hands) are single sentences with no facts. "A mere reference to a legal doctrine is insufficient notice," and this Court strikes unclean hands pleaded that way. (*Baker*, 2014 WL 4161994, at *4.) This District strikes both in that exact form. (*Weintraub*, 299 F.R.D. at 668.)

**I. "Reserving the right" to add defenses is not a defense.**

Defense 27 "reserve[s] the right to amend this Answer to add defenses." (Answer 25:1-3.) "The mere 'reservation of affirmative defenses' is not an affirmative defense." (*Weintraub*, 299 F.R.D. at 668-669 [quotation omitted].) It "is a legal nullity." (*Id.* at 669 [quotation omitted].) This Court strikes it without leave to amend. (*Venson*, 2020 WL 4015708, at *3 ["the reservation of future affirmative defenses is not properly brought as an affirmative defense"].)

**J. The Answer denies Ball's own letters, Ball's own statements in court, and the Walds' own sworn testimony.**

Rule 8(b) requires a party to admit or deny each allegation, and "[a] denial must fairly respond to the substance of the allegation." (Fed. R. Civ. P. 8(b)(1)(B), (2).) A party that agrees with part of an allegation "must admit the part that is true." (*Id.* 8(b)(4).) A party cannot plead lack of knowledge about facts it knows. (*Id.* 8(b)(5); Rutter, *supra*, ¶¶ 8:952-8:953.) The Answer breaks every one of these rules.

*Ball's own letters.* Ball admits he sent the July 23, 2025 letter to the Warden (Ex. E), the September 5, 2025 email to the prison investigator (Ex. J), the August 8, 2025 email to Plaintiff, the January 13, 2026 letter to the Warden (Ex. O), and the May 18, 2026 letter to Plaintiff (Ex. R). (Answer ¶¶ 3, 16, 56, 84, 85, 86, 88.) Then he denies the paragraphs that quote them word for word. (FAC ¶¶ 3, 56, 84, 85, 86, 88.) Ball wrote those words. He cannot deny them.

*Ball's own statements in court.* Ball denies the paragraphs quoting what he said at the February 17, 2026 hearing (FAC ¶¶ 87, 102), his own briefs and sworn declaration (FAC ¶ 99), his own notice of ruling and proofs of service (FAC ¶¶ 103, 105), his own

vexatious-litigant motion (FAC ¶¶ 89, 112), and his own motion in this Court (FAC ¶ 113). (Answer ¶¶ 87, 89, 99, 102, 103, 105, 112, 113.) These are court records. Ball made them.

*The Walds' own testimony.* James and Natalie Wald deny the paragraphs quoting their own sworn testimony at Plaintiff's criminal trial and James Wald's own verified discovery responses. (FAC ¶¶ 28-30, 32; Answer ¶¶ 28-30, 32.) Natalie Wald admits she exchanged emails with Sergeant Yates on August 2, 2023, then denies the paragraph that quotes them. (FAC ¶ 38; Answer ¶ 38.) A witness cannot deny her own sworn words.

*Things they know.* They admit Ball & Yorke received the July 17 and 18, 2025 emails, then claim they do not know what the emails say. (Answer ¶ 54.) They claim they do not know whether any email went to the Walds. (Answer ¶ 71.) James and Natalie Wald know whether they got an email. They claim they do not know whether prison investigators ever interviewed them. (Answer ¶ 72.) They know whether they were interviewed. They deny that Ball & Yorke printed the Yates email chain on August 5, 2025. (Answer ¶ 59; FAC ¶ 59, Ex. B.) Ball & Yorke knows what it printed. Each of these responses pleads ignorance of a fact the same pleading admits, or of a document the Answering Defendants wrote, signed, received, or swore to.

The Ninth Circuit fixes the mechanism. A court may not set aside a denial on its own view that the denial is implausible; it acts through Rule 11, on a finding of bad faith, or through Rule 12(f), which reaches "an insufficient defense." (*In re Mortgages Ltd.*, 771 F.3d 623, 630-632 (9th Cir. 2014); *PAE Government Services, Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 & fn. 3 (9th Cir. 2007).) Plaintiff invokes Rule 12(f). A response that pleads lack of knowledge of a fact the responding party admits in the same pleading is not a denial Rule 8(b)(5) permits. A response that denies, in bulk, a paragraph quoting a document the responding party admits writing is not the partial denial Rule 8(b)(4) permits. Both are insufficient on the face of the Answer, without any finding about what the Answering Defendants believe. Courts in this Circuit strike such responses and order an answer that complies with Rule 8(b): a defendant "cannot fairly claim to lack

knowledge regarding his own relationship" to his own business, and the cure is an amended answer that "specif[ies] which allegations in the Complaint Defendant admits, which allegations Defendant denies, and for which allegations Defendant lacks sufficient knowledge or information to form a belief about their truth." (*Joe Hand Promotions, Inc. v. Nguyen*, No. 11-CV-00506-LHK, 2011 WL 2893079, at *1-2 (N.D. Cal. July 19, 2011).) A defendant with personal knowledge of the matter alleged, or constructive knowledge because the matter is of public record, must admit or deny it. (Rutter, *supra*, ¶¶ 8:952-8:953.) The Court should strike the responses to the paragraphs listed above and order an amended answer that admits or specifically denies each of them within fourteen days. The consequence of not doing so is written in the Rule: an allegation that is not denied "is admitted." (Fed. R. Civ. P. 8(b)(6).) Ball wrote these documents. He has to admit it.

**K. The legal defects cannot be fixed, and every bogus defense left standing must be fought from a prison cell.**

Defenses in Parts A through F and I fail as a matter of law. No new fact can turn a denial into a defense, undo a waiver, apply Proposition 51 to intentional torts, or turn a reservation into a defense. Leave to amend is normally given unless it would prejudice the other side. (*Weintraub*, 299 F.R.D. at 664.) Here the prejudice is real. Plaintiff is in prison. He is barred from contacting Ball's office. He cannot meet and confer or do discovery the normal way. (FAC ¶¶ 80, 91-92.) The only defenses that should get leave are the ones in Parts G and H, and only if Ball pleads actual facts.

## V. CONCLUSION

Ball lied to a prison about two emails sent to his own office. His Answer admits it. Then he filed twenty-seven defenses to bury it, and denied his own letters.

The Court should: (1) strike, without leave, Affirmative Defenses 1, 2, 3, 8, 10, 11, 12, 13, 14, 16, 17, 18, 19, 23, 26, and 27 and the unnumbered paragraph before paragraph 1; (2) strike Affirmative Defenses 6 and 15 as to the Sixth Claim, without leave; (3) strike Affirmative Defenses 5, 6, 15, 20, 21, and 22, with leave to amend

within fourteen days to plead actual facts; and (4) strike the responses to FAC paragraphs 3, 28 through 30, 32, 38, 54, 56, 59, 71, 72, 84 through 89, 99, 102, 103, 105, 112, and 113 as insufficient under Rule 8(b), and order the Answering Defendants, within fourteen days, to admit or specifically deny each of them, with any allegation not so answered admitted under Rule 8(b)(6).

Dated: October 12, 2026

Respectfully submitted,

TRAVIS EDWARD MARTIN
Plaintiff, In Pro Per

15054395 1 58-04

**CERTIFICATE OF SERVICE**

I certify that on the date this document is filed with the Clerk, it is served on all counsel of record who are registered CM/ECF users through the Court's Notice of Electronic Filing.

Dated: October 12, 2026

Respectfully submitted,

TRAVIS EDWARD MARTIN
Plaintiff, In Pro Per